IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTINA NATCOLE SMITH,  *Plaintiffs*,  v.  UNITED STATES OF AMERICA  *Defendant*. | CIVIL ACTION NO. 5:21-cv-00237-TES |

**ORDER**

Represented by counsel, Plaintiff Christina Natcole Smith filed suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. [Doc. 2, ¶ 1]. However, 196 days after she filed her Complaint, she perfected service on the United States—well past the 90 days allowed by Federal Rule of Civil Procedure 4(m). This, of course, prompted the United States to seek dismissal of Plaintiff's Complaint [Doc. 2] for improper service under Federal Rule of Civil Procedure 12(b)(5) and prompted Plaintiff to seek an extension of time to perfect service under Rule 4(m). [Doc. 12]; [Doc. 19].

**PROCEDURAL BACKGROUND**

This case's underlying facts are simple. Plaintiff seeks to recover for personal injuries arising out of a vehicle collision allegedly caused by a United States Postal Service employee. [Doc. 2, ¶ 5]. Its procedural history, however, is a little less simple.

Federal Rule of Civil Procedure 4(i) is the relevant service rule in this case. After completing the FTCA's statutory exhaustion requirements, Plaintiff filed her Complaint on July 15, 2021,[1] and about two weeks later, she sent "a copy of the summons and of the complaint . . . to the civil-process clerk" for the Northern District of Georgia and "to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii) and (B); [Doc. 4, p. 1].[2] Service on the Attorney General under Rule 4(i)(1)(B) wasn't ever a problem for Plaintiff when it came to her service attempts on the United States. It was service under Rule 4(i)(1)(A) that posed a problem. To properly serve the United States, a party must:

> deliver a copy of the summons and of the complaint to the United States attorney *for the district where the action is brought*—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[.]"

Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii) (emphasis added).

A few days after Plaintiff mailed her service documents, she realized that she sent them to the civil-process clerk in the Northern District of Georgia rather than the Middle District. In an attempt to fix her mistake, she sent additional copies of her

---

[1] Plaintiff's Complaint is dated July 14, 2021, but it wasn't filed until July 15, 2021. [Doc. 2, p. 6].

[2] When one enters the Article Numbers into the search bar on the United States Postal Services' website for tracking a package, it appears that Plaintiff mailed her service documents to the civil-process clerk for the Northern District of Georgia and the Attorney General in Washington, D.C., on July 30, 2021.

service documents to the correct local United States attorney, but again, she sent them to the wrong address. Simply put—right person, wrong address. Rather than send these additional service documents "to the United States attorney for the district where the action is brought"—Macon, Georgia—she mailed them to an office in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)(i); *see, e.g.*, [Doc. 8, p. 1].

When the Court was reviewing its docket, it appeared that Plaintiff served the United States on August 9, 2021, and that the 60-day period within which it needed to respond to Plaintiff's Complaint had passed. Fed. R. Civ. P. 12(a)(2). However, in response to an inquiry from the Court, the local United States attorney informed it that neither he nor the civil-process clerk for the Middle District had any "record of being served with this lawsuit." *See* Court's Exhibit A. By way of explanation, the local United States attorney noted that the Domestic Return Receipt Plaintiff filed on the record showed that she mailed her service documents to the civil-process clerk for the Northern District of Georgia instead of the one in the Middle District. *Id.*; *see, e.g.*, [Doc. 4, p. 1]. At that point, it was clear that service under Rule 4(i) hadn't been perfected on the United States within the 90-day period required by Rule 4(m), prompting the Court to issue a show-cause order essentially asking Plaintiff why her case shouldn't be dismissed for untimely service. [Doc. 5].

Plaintiff responded that she thought her service was proper, but she later admitted that it was "[a]t th[e] time" the Court issued its show-cause order that she

3

"became aware" that it wasn't. [Doc. 6]; [Doc. 13-1, p. 2]. Listing the local United States attorney's name on the mailing label for her service documents but sending them to an address in Washington, D.C., instead of to one in Macon, Georgia, botched her compliance with Rule 4(i). [Doc. 13-1, p. 2]. In order to iron out the service wrinkles and "get this case moving[,]" the United States stated it would be "happy to work with [Plaintiff's attorney] to properly perfect service." *See* Court's Exhibit B. On January 27, 2022, the civil-process clerk for the Middle District of Georgia accepted service, making Plaintiff's service under Rule 4(i)(1)(A) proper.

While service was proper as of January 27, 2022, it wasn't at all timely, and the 196-day delay between when Plaintiff filed her Complaint and when she eventually perfected service ushered in the United States' dismissal motion based on improper and untimely service.

## DISCUSSION

Rule 4(m) states that if a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time." Rule 4(m) also states that the Court must extend the time for service, but only upon a showing of good cause for the plaintiff's delay. Good cause is shown "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th

Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Federal Rule of Civil Procedure 4(j), *superseded in part by rule as stated in Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)) (alteration adopted).

First and foremost, Plaintiff candidly admits that she does not have good cause for her failure to timely serve the local United States attorney or the Middle District of Georgia civil-process clerk under Rule 4(i)(1)(A)(i)–(ii). So, there is no need for the Court to undertake a good-cause analysis.[3] Certainly—and appropriately—her inability to show good cause could lead to the dismissal of her case. However, the Eleventh Circuit has held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even [without] a showing of good cause." *Horenkamp*, 402 F.3d at 1132. Of the numerous factors that a district court may consider in deciding whether to extend the time for service: a plaintiff's efforts to serve the defendant after the expiration of the 90-day period; whether the defendant would be prejudiced by the extension; whether there are statute-of-limitations issues to consider; and the preference for adjudication of cases on their merits—the one most pertinent for this case, is a refiling issue.

[3] *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendment (noting that good cause for an extension may be "to correct oversights in compliance with the requirements of multiple service in actions against the United States[.]").

If the Court were to dismiss Plaintiff's case, federal law would bar a subsequent action. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."); *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendment ("Relief may be justified . . . if the applicable statute of limitations would bar a refiled action[.]").

While it is true that the time bar applicable to a subsequent lawsuit "does not require [the Court] to extend time for service of process," it is certainly a factor that militates in favor of the Court doing so. *Horenkamp*, 402 F.3d at 1133. Plus, there is a strong policy in the Eleventh Circuit of determining cases on their merits, and "the 90-day time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Peddie v. InComm*, No. 1:17-CV-4405-WSD-JSA, 2018 WL 3061927, at *4 (N.D. Ga. Mar. 22, 2018) (citing *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990)). Rule 4(m) is better used as a useful tool for managing a district court's docket so that cases move quickly to disposition—it was not indented to be an instrument of oppression. *Floyd*, 900 F.2d at 1049; *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 2015 Amendment (noting

that the shortened time for service from 120 days to 90 "will reduce delay at the beginning of litigation").

Because Plaintiff owned up to her mistake, despite her unquestionable awareness of what Rule 4(i) required of her, and because the United States would not suffer any prejudice, the Court exercises its discretion and **GRANTS** Plaintiff's Motion to Extend Time for Service [Doc. 19] *nunc pro tunc* until January 27, 2022. *See Allen v. Gwinnett Cnty. Sch. Dist.*, No. 1:18-CV-1190-RWS-LTW, 2019 WL 1147126, at *4–7 (N.D. Ga. Jan. 1, 2019); *Fronto King, LLC v. Talal*, No. 1:19-cv-03472-SDG, 2020 WL 7122417, at *2–3 (N.D. Ga. Sept. 21, 2020); *see also* [Doc. 2, ¶ 3 (indicating Plaintiff's awareness of Rule 4(i))]. Accordingly, the United States' Motion to Dismiss Based on Improper and Untimely Service [Doc. 12] is **DENIED**.

**SO ORDERED**, this 5th day of May, 2022.

<div style="text-align: right;">
S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**
</div>