IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHRISTINA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-CV-237 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Christina Smith filed this negligence suit pursuant to the Federal Tort

Claims Act, 28 U.S.C. § § 2671, *et seq.* ("FTCA") for damages arising out of a motor vehicle

collision with a United States Postal Service ("USPS") truck. Currently before the Court

are Defendant's Motion for Partial Summary Judgment and Plaintiff's Motion for a

Hearing and Oral Argument. Defendant argues Plaintiff cannot prove the collision

caused any injuries to her right knee and right shoulder, and Plaintiff cannot recover

more than $72,020.40—the amount she presented in the pre-suit administrative claim to

USPS. Having read and considered the arguments of the parties and the relevant law, the

Court finds genuine issues of material fact exist as to whether the collision caused any

injuries to Plaintiff's right shoulder and right knee, and therefore Defendant's Motion is

denied on those grounds. Plaintiff concedes the FTCA prohibits her from recovering

more than the $72,020.40 she presented in the pre-suit administrative claim to USPS, and therefore Defendant's Motion is granted on this ground.[1] Thus, Defendant's Motion for Partial Summary Judgment [Doc. 31] is **GRANTED in part and DENIED in part**. Plaintiff's Motion for Hearing and Oral Argument [Doc. 42] is **DENIED**.

## BACKGROUND

The pertinent facts relevant to the Motion at bar are largely undisputed, but for those that are disputed, the Court has construed them in the light most favorable to Plaintiff as the non-moving party.

On July 14, 2019, at approximately 10:00 a.m., Plaintiff Christina Smith was involved in a motor vehicle collision with a USPS mail truck driven by USPS employee Calvin Gordan. As Plaintiff was travelling on Highway 49, Mr. Gordan made a left hand turn from a business establishment, and the USPS truck struck Plaintiff's vehicle behind the front passenger-side tire.[2] Plaintiff's 15-year-old daughter (not a party to this lawsuit) was a passenger in the vehicle. Plaintiff's vehicle did not collide with any other car or object, and the vehicle's airbags did not deploy. Plaintiff had bruises on her chest from the seatbelt, and she does not remember her body hitting any object inside the vehicle.[3]

---

[1] *See* 28 U.S.C. § 2675(b) (an "[a]ction under [the FTCA] shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency[.]"); *Hiatt v. United States*, 910 F.2d 737, 741 n.5 (11th Cir. 1990) ("the district court is without jurisdiction to award damages in excess of the amount sought in the administrative claim[.]").

[2] Pl. Depo., p. 43 [Doc. 34].

[3] Pl. Depo, p. 44.

As a result of the collision, Plaintiff claims she sustained serious injuries, including injuries to her back, hip, right shoulder, and right knee. Because Defendant moves for summary judgment on Plaintiff's right shoulder and right knee injuries, the following background facts focus on those injuries.

Immediately after the collision, an ambulance arrived on the scene. When the paramedics attempted to evaluate Plaintiff, she asked them to focus on her daughter.[4] The paramedics took Plaintiff and her daughter to the Medical Center of Peach County ("MCPC") Emergency Room ("ER"). MCPC medical records show that while at the ER, Plaintiff complained of right hip and right knee pain, including a "complaint of contusion of right knee."[5]

Two days later, on July 16, 2019, Plaintiff returned to the MCPC ER. Medical records show that she complained her "r[igh]t hip pain and r[igh]t knee pain ha[d] not improved,"[6] and the records reflect a note for "knee pain – swelling."[7]

Approximately three weeks later, on August 8, 2019, Plaintiff again returned to the MCPC ER "complaining of intermittent sharp shooting pains down her right arm with

---

[4] *Id.* at 57.
[5] Doc. 31-3, pp. 1 & 3.
[6] *Id.* at p. 8.
[7] *Id.* at p. 12.

occasional numbness and tingling," which she characterized at the ER as "right side neck pain from a MVC [motor vehicle collision] a month ago."[8]

The next day, on August 9, 2019, Plaintiff underwent a physical evaluation at the Physical Medicine Centers of America. The medical records show that Plaintiff's subjective complaints were for her neck, upper/mid back, and low back; neither the shoulder nor lower extremities were marked, but the records show marks under "Shoulder Depression" for both her left and right shoulders.[9]

Approximately three and half months later (a little over four months after the accident), on November 26, 2019, Plaintiff went to OrthoGeorgia "for evaluation of her right shoulder and right knee."[10] The medical records note that "[s]he injured her right shoulder and her right knee in a motor vehicle accident in July. She has had pain in her right shoulder and pain in her right knee since that time."[11] Thereafter, Plaintiff underwent MRIs of her right shoulder and right knee, and in December 2019, she was diagnosed with a shoulder impingement, rotator cuff strain, adhesive capsulitis in the right shoulder, and condyle malacia patella in her right knee; the doctor recommended Plaintiff undergo physical therapy for both her right shoulder and right knee.[12]

---

[8] Doc. 31-3, p. 17.
[9] Doc. 31-4, p. 1.
[10] Doc. 31-5, p. 5.
[11] *Id.*
[12] Docs. 31-6, 31-5.

In January 2020, Plaintiff returned to OrthoGeorgia for a follow-up visit for her shoulder and knee, and was diagnosed with right knee pain, right shoulder pain, a right shoulder bursa disorder, and right patella chondromalacia.[13] The medical records note that Plaintiff had not yet attended physical therapy, and thus she was given exercises to complete at home.[14] In August 2020, Plaintiff presented to Ortho Sport and Spine with complaints of right shoulder pain and right hip pain, underwent an MRI which revealed tendinosis of the supraspinatus and infraspinatus muscles but "no rotator cuff tear or other abnormalities," and she was given a cortisone shot.[15]

When Plaintiff was 10 or 11 years old, she tore a ligament in her right knee while playing softball; she stated her knee did not hurt all the time, and she wore a brace on her knee during the softball season.[16] Plaintiff started suffering from shoulder pain when she was 10 or 11 that was "not constant," and the pain materialized "normally when [she] play[ed] ball."[17] Plaintiff played softball "right around the time she had the car accident."[18]

On July 17, 2020, Plaintiff signed and filed an SF-95 Claim for Damage, Injury, or Death with the USPS National Tort Center for injuries to her right shoulder, right knee,

---

[13] Doc. 31-5.
[14] *Id.*
[15] Doc. 31-7.
[16] Pl. Depo., pp. 102-103.
[17] *Id.* at p. 28.
[18] *Id.* at p. 27.

right hip, and lower back and claimed $72,020.40 in personal injuries damages. After the USPS issued its final decision denying Plaintiff's claim, she filed the current lawsuit. Defendant now seeks summary judgment on Plaintiff's claims for damages for her right shoulder and right knee injuries.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19]  A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[20]  Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[21]  When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion.[22]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

---

[19] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[21] *See id.* at 249-52.
[22] *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

6

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[23]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[24]  This evidence must consist of more than mere conclusory allegations or legal conclusions.[25]

## DISCUSSION

The FTCA creates a limited waiver of sovereign immunity for claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  "Liability in an FTCA action is determined in accordance with the law of the place where the government's act or omission occurred," which in this case is Georgia.[26]

Plaintiff raises a simple negligence claim. "To establish a claim of negligence under Georgia law, the plaintiff must demonstrate 'the existence of a duty on the party of the

---

[23] *Celotex Corp.,* 477 U.S. at 323 (internal quotation marks omitted).
[24] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.,* 477 U.S. at 324-26.
[25] *See Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991).
[26] *Stevens v. Battelle Mem'l Inst.,* 488 F.3d 896, 899 n. 3 (11th Cir. 2007).

defendant, a breach of such duty, causation of the injury alleged, and damages as a result of the alleged breach of duty.'"[27]

Defendant moves for partial summary judgment on issues of specialized medical questions and causation. Specifically, Defendant argues Plaintiff cannot establish that her alleged right knee and right shoulder injuries were proximately caused by the motor vehicle collision, because she has failed to provide either objective medical evidence or expert testimony demonstrating a causal connection between Defendant's conduct and Plaintiff's injuries. Plaintiff disagrees and argues that genuine issues of material fact exist on her damages, and her case does not involve specialized medical questions requiring expert medical testimony. The Court agrees with Plaintiff.

"Georgia law allows the factfinder to draw a causal inference based on temporal proximity between an accident and an injury."[28] "Under Georgia law, the general rule in simple negligence cases is that plaintiffs 'need not produce expert evidence on causation' if the question of causation is 'perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony.'"[29]

---

[27] *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 967 (11th Cir. 2013) (quoting *Wells Fargo Bank, N.A. v. Jenkins*, 293 Ga. 162, 163 (2013)).

[28] *Id.* at 968; *see also Hutcheson v. Daniels*, 224 Ga. App. 560 (1997) ("[A factfinder] could conclude from common knowledge that a causal connection existed [between a car accident and the plaintiff's injuries] in light of the short lapse between [the plaintiff's] accident and his onset of symptoms and receipt of medical treatment.").

[29] *Williams v. Kroger Co.*, 2023 WL 2763138, at *5 (N.D. Ga. Mar. 31, 2023) (quoting *Cowart v. Widener*, 287 Ga. 622, 626, 628 (2010) (noting, for example, that determining "whether an automobile collision caused a backache late the same day" would not require expert causation testimony)).

"[W]here the symptoms [that the plaintiff] complain[s] of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable jury could draw conclusions about proximate cause."[30] Expert testimony, however, "is necessary where the issue of causation presents 'specialized medical questions,' *i.e.*, where 'the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience' and presents medical questions that 'can be answered accurately only by witnesses with specialized expert knowledge."[31]

"In a case involving a plaintiff with preexisting medical ailments, the court first must ascertain whether the plaintiff is seeking to recover for an injury that is related to a preexisting medical condition."[32] "A causal connection, requiring expert medical testimony, must be established where the 'potential continuance of a disease' is at issue."[33] "This preexisting condition rule only applies, however, where there is continuity in the condition; it does not apply in situations where the preexisting condition has

---

[30] *Jones v. Wal-Mart Assocs., Inc.*, 2021 WL 243285, at *3 (N.D. Ga. Jan. 25, 2021) (citation omitted); *Cowart*, 287 Ga. at 628 (providing the following examples of situations in which lay people with ordinary knowledge could determine causation without expert testimony: "[t]hat a stab would penetrating entirely through the heart causes death"; "[w]hether a blow to the head could cause death"; and "whether an automobile collision caused a backache later the same day") (collecting cases).

[31] *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 967-68 (11th Cir. 2013) (quoting *Cowart*, 287 Ga. at 628).

[32] *Calhoun v. Wal-Mart Stores East, LP*, Case No. 1:14-CV-2581-CC, 2017 WL 9362708 (N.D. Ga July 24, 2017) (citation omitted).

[33] *Id.* (quoting *Jordan v. Smoot*, 191 Ga. app. 74, 74 (1989) (citing *Eberhart v. Morris Brown Coll.*, 181 Ga. App. 516, 518 (1987)).

subsided prior to the occurrence of the tort."[34] "Thus, if there is evidence that the complained-of injury is a preexisting condition, the plaintiff must produce medical testimony explaining why the tortious event aggravated the prior condition to survive a motion for summary judgment."[35] "However, a [factfinder] could find proximate cause if the injury, although present in plaintiff's medical history, had disappeared prior to the tortious event."[36] "Where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable [factfinder] could draw conclusions about proximate cause."[37]

<u>Right Knee Injuries</u>

First, the record contains evidence of causation between Defendant's alleged negligence and Plaintiff's alleged knee injury. The accident occurred on July 14, 2019, and she complained of right knee pain the day of the accident and again two days later. The fact Plaintiff did not complain about her knee again until four months later, on November 26, 2019, is evidence for the factfinder to consider.

Defendant argues Plaintiff concedes Defendant did not cause any right knee injury because she never identified a knee injury in response to repeated questions during her

---

[34] *Id.* (citing *Cox v. Rewis*, 207 Ga. App. 832, 835 (1993)).
[35] *Id.* (citation omitted).
[36] *Id.* (citation and quotations omitted).
[37] *Id.* (citing *Hutcheson*, 224 Ga. App. at 569 and *Jordan*, 191 Ga. App. at 74).

deposition to describe which of her alleged injuries she believes are attributed to the collision. But Plaintiff did not explicitly deny the collision caused any knee injury, and she attributed a knee injury to the accident in her original and amended SF-95 Claims for Damage, Injury, or Death with the USPS National Tort Center and in her Complaint. This is evidence for the factfinder to consider.

Defendant also argues Plaintiff is obligated to present expert witness testimony to establish causation. The Court disagrees. No specialized medical questions are presented by the facts underlying this action, and expert medical testimony is unnecessary for Plaintiff's alleged knee injuries to survive summary judgment. That the impact of the collision occurred on the passenger side, Plaintiff's airbag did not deploy, and Plaintiff testified that she did not believe her body struck any part of the vehicle, are all facts to be weighed by the factfinder. Similarly, Plaintiff's preexisting knee injury does not require expert testimony to establish causation. Although Plaintiff tore a ligament in her knee when she was 10 or 11, she testified she experienced pain when she played softball, not constantly. The factfinder must determine whether the collision caused any additional injury to her knee, and expert testimony is not required under Georgia law. "[W]hile [Defendant] present[s] evidence that Plaintiff's injuries may have been the result of

preexisting conditions, such evidence create[s] a dispute of material fact that [this Court is] not authorized to resolve at the summary judgment stage."[38]

<u>Right Shoulder Injuries</u>

Defendant argues Plaintiff did not complain about any shoulder injuries until November 26, 2019, more than four months after the accident. Thus, this "significant" time lapse requires expert testimony to establish proximate causation. The Court disagrees. On August 8, 2019, a little over three weeks after the accident, Plaintiff presented to the MCPC ER "complaining of intermittent sharp shooting pains down her right arm with occasional numbness and tingling."[39] Although the pain was noted as "right side neck pain from a MVC [motor vehicle collision] a month ago"[40] on the medical records, the factfinder could find such pain encompasses the shoulder. Moreover, the next day, she was evaluated at the Physical Medicine Centers of America where the medical records show marks for left and right "shoulder depression."[41]

Defendant also argues expert medical testimony is required because of her preexisting shoulder pain that started when she was 10 or 11. But as with her knee injury, no expert testimony is required. She testified that her shoulder pain was not constant and occurred while she was playing softball.

---

[38] *Cooper*, 539 F. App'x at 968 (citing *Cowart*, 287 Ga. at 624; *Hutcheson*, 224 Ga. App. at 561).
[39] Doc. 31-3, p. 17.
[40] *Id*.
[41] Doc. 31-4, p. 1.

Under Georgia law, "it is axiomatic that questions regarding proximate cause are undeniably a jury question and may only be determined by the courts in plain and undisputed cases."[42] Plaintiff has sufficiently established the existence of genuine disputes of material fact as to the causation elements of her alleged right knee and right shoulder injuries, and therefore summary judgment is inappropriate.

## CONCLUSION

In conclusion, Defendant's Motion for Partial Summary Judgment [Doc. 31] is **GRANTED in part** and **DENIED in part**, and Plaintiff's Motion for a Hearing and Oral Argument [Doc. 42] is **DENIED**.

**SO ORDERED,** this 20th day of March, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[42] *Ontario Sewing Mach. Co., Ltd. v. Smith*, 275 Ga. 683, 687 (2002).

13